IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSE HERCULES MALDONADO, Petitioner, | ) | |
| v. | ) | Civil Action No. 1:26-cv-2481 (RDA/WBP) |
| PAUL PERRY, *et al.*, Respondents. | ) | |

**ORDER**

This matter comes before the Court on Petitioner Jose Hercules Maldonado's ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody. This matter has been fully briefed, and this Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). For the reasons set forth below, the Court DENIES the Petition.

I. BACKGROUND

Petitioner is a native and citizen of Honduras who is currently being detained at the Caroline Detention Center in Virginia. Dkt. 1 ¶¶ 1, 4. Petitioner entered the United States without inspection or admission on April 4, 2018. *Id.* ¶ 1.

On April 15, 2018, Customs and Border Patrol ("CBP") agents encountered Petitioner and determined that he had unlawfully entered the United States without being admitted or paroled by an immigration officer. Dkt. 6-1 ¶ 6. Petitioner was served with a Notice to Appear ("NTA"), which charged him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* On April 6, 2018, Petitioner was released on his own recognizance due to lack of bed space, along with his father and sibling. *Id.* ¶ 7. On June 24, 2019, Petitioner appeared for a Master Calendar hearing before an Immigration Judge. *Id.* ¶ 8. Petitioner filed Form I-589, Application

for Asylum and for Withholding of Removal, with the court. *Id.* The Immigration Judge sustained the charge of removability and scheduled Petitioner for an Individual Hearing. *Id.*

On July 1, 2019, Petitioner filed an affirmative Form I-589, Application for Asylum and for Withholding, with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 9. USCIS initially determined that it lacked jurisdiction over the application and Petitioner's asylum claim was thereafter adjudicated by an Immigration Judge. Dkt. 1 ¶ 32. On January 3, 2023, Petitioner appeared for an Individual Hearing before an Immigration Judge for a hearing on the merits of his application for relief. Dkt. 6-1 ¶ 10. The Immigration Judge found Petitioner removable under INA § 212(a)(6)(A)(i) and denied asylum, withholding of removal, and protection under the Convention Against Torture. Dkt. 1 ¶ 32. On February 3, 2023, Petitioner's order of removal became final as he did not file an appeal. Dkt. 6-1 ¶¶ 10-11.

On December 21, 2023, USCIS approved the Petitioner's application for employment authorization on the basis of his pending asylum application and issued him an Employment Authorization Document valid from December 20, 2023 through December 19, 2028. Dkt. 1 ¶ 33.

On May 16, 2025, USCIS issued Petitioner a "Notice of Retracting Previous Decision For Applicant Without A Prior UAC Determination." *Id.* ¶ 34. The Notice states that, pursuant to the settlement agreement in *J.O.P. v. U.S. Department of Homeland Security*, No. 8:19-cv-01944-SAG (D. Md.), USCIS re-examined its previous adverse jurisdictional determination on Petitioner's asylum application, retracted that determination, and reopened his asylum application. *Id.*

On July 24, 2026, ERO encountered Petitioner, issued Form I-200 (Warrant of Arrest of Alien) and Form I-205 (Warrant of Removal), and took him into civil immigration custody. Dkt. 6-1 ¶ 12; Dkt. 6-2; Dkt. 6-3. On August 18, 2026, Petitioner attended an interview with USCIS

and is awaiting the final adjudication of his affirmative asylum application. Dkt. 6-1 ¶ 13.

On August 10, Petitioner filed his Petition. Dkt. 1. In his Petition, Petitioner asserts the following claims: (i) Unlawful Detention in Violation of the Immigration and Nationality Act 8 U.S.C. §§ 1225(b)(2), 1226(a); (ii) Unlawful Detention in Violation of the Governing Regulations 8 C.F.R. §§ 236.1, 1236.1, 1003.19(a); (3) Violation of the Due Process Clause of the Fifth Amendment Substantive Due Process; (4) Violation of the Due Process Clause of the Fifth Amendment Procedural Due Process; and (5) In the Alternative: Unlawful Detention Under 8 U.S.C. § 1231(a)(6) Detention Where Removal Is Legally Barred.

That same day, on August 10, the Court issued its briefing schedule. Dkt. 2. On August 14, 2026, Respondents filed a Motion for Enlargement of Time. Dkt. 4. The Court issued an Order that same day granting in-part and denying-in-part Respondents' Motion. Dkt. 5. On August 19, 2026, Respondents filed an Opposition. Dkt. 6. On August 20, 2026, Petitioner filed his Reply. Dkt. 7.

## II. LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III. DISCUSSION

Petitioner asserts the following claims in his Petition: (i) Unlawful Detention in Violation of the Immigration and Nationality Act 8 U.S.C. §§ 1225(b)(2), 1226(a); (ii) Unlawful Detention in Violation of the Governing Regulations 8 C.F.R. §§ 236.1, 1236.1, 1003.19(a); (3) Violation of the Due Process Clause of the Fifth Amendment Substantive Due Process; (4) Violation of the Due Process Clause of the Fifth Amendment Procedural Due Process; and (5) In the Alternative: Unlawful Detention Under 8 U.S.C. § 1231(a)(6) Detention Where Removal Is Legally Barred. Dkt. 1. The Court will address each of Petitioner's arguments.

As an initial matter, the Court denies the Petition with respect to Counts I, II, and IV because they are premised on his right to a bond hearing pursuant to Section 1226(a). But Petitioner has a final order of removal. Dkt. 6-1 ¶¶ 10-11; Dkt. 6-3. Where there is a final order of removal, Petitioner is subject to detention pursuant to Section 1231 *not* Sections 1225 or 1226. *See* 8 U.S.C. § 1231(a) ("Detention, release, and removal of aliens ordered removed").

8 U.S.C. §1231(a) requires the Government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute

to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Id.* at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner was first detained on July 24, 2026. Dkt. 6-1 ¶ 12. This is well within the statutory period pursuant to Section 1231 and the six-month presumptive period pursuant to *Zadvydas*. As the Fourth Circuit has recognized, "the *Zadvydas* standard *is* due process" such that "a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) (emphasis in original). Of course, *Zadvydas* provides a presumption, and a presumption may be rebutted. Petitioner attempts to do so here, in reliance on his reopened asylum petition. But, as Petitioner acknowledges, "the consequence is not that the 2023 removal order is a nullity, and Petitioner does ask this Court to say so." Dkt. 7 at 8. Rather, Petitioner asserts that the reopening of his asylum application is the "the first step of a process that has several more steps to run." Dkt. 1 ¶ 30. But, as the Fourth Circuit has acknowledged, the provision of additional process has a definitive end and "alone [is] insufficient to demonstrate that removal is no longer reasonably foreseeable." *Castaneda*, 95 F.4th at 757-58 (recognizing that the provision of additional process is not the type of "indefinite and potentially permanent" detention with which *Zadvydas* was concerned).[1] To the extent that Petitioner seeks to distinguish *Castaneda* by arguing that "Petitioner initiated nothing," Dkt. 7 at 6, this is

---

[1] Petitioner asserts that his removal is barred by a settlement agreement in *JOP v. U.S. Dep't of Homeland Security*, No. 8:19-cv-1944 (D. Md.). As USCIS has acknowledged, the effect of that agreement is that USCIS will adjudicate the merits of Petitioner's asylum application. Dkt. 7-1. But, this re-examination does not preclude Petitioner's removal *forever* just for the period of time it takes for USCIS to adjudicate his asylum application. Dkt. 6-1 at 3 n.1.

decisively untrue, because Petitioner filed the original asylum application that USCIS is set to adjudicate.

Moreover, to the extent Petitioner relies on *Mejia Castillo v. Crawford*, No. 1:26-cv-2351-MSN-WEF (E.D. Va. Aug. 11, 2026), the application of that decision here is unclear. In that case, the Honorable Michael S. Nachmanoff was addressing circumstances where the petitioner had obtained withholding of removal and, thus, had reached the end of the process described in *Castaneda*. *Id.* at 6 n.3. The *Mejia Castillo* decision did not address the asylum issues at play here or the additional process being received by Petitioner. Petitioner's reliance on the *Mejia Castillo* decision is unpersuasive, as it addressed a different set of facts. By contrast, Petitioner has failed to persuade that his circumstances are distinguishable from *Castaneda*. Accordingly, the remaining counts of the Petition will be denied, as *Zadvydas* constitutes due process in these circumstances and the six-month presumptive period blessed by the Supreme Court in *Zadvydas* has not expired.

## IV. CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is DENIED.

The Clerk of the Court is directed to provide this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
September 2, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge